UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR227(SRU) |
| | : | |
| RICARDO ROSARIO, a.k.a. "Q" | : | December 14, 2005 |

**GOVERNMENT'S POST-BOOKER MEMORANDUM**

On November 29, 2005, the Court of Appeals for the Second Circuit entered a decision and order affirming the conviction of defendant Rosario. *United States v. Estrada*, --- F.3d ----, 2005 WL 3159741 (2d Cir. 2005). The Court also granted a limited remand for resentencing in conformity with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *United States v. DeJesus*, 2005 WL 3263788 (2d Cir. 2005).

On December 6, 2005, this Court entered a scheduling order in response to the limited remand directing counsel to file, on or before January 6, 2006, "written submissions concerning whether [the court] should have imposed a non-trivially different sentence . . ." This memorandum is submitted in response to the Court's scheduling order.

The unpublished summary order of the Court of Appeals provides in relevant part,

> In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), we remand DeJesus and Rosario's cases to the district court for further proceedings in conformity with *Crosby*. We address the sentencing issues raised by appellants because they may affect resentencing. *See United States v. Garcia*, 413 F.3d 201, 220 (2d Cir.2005) (addressing defendants' sentencing argument in order to facilitate the district court's task on remand).

\* \* \*

Rosario also claims that he is entitled to a two-level reduction under the "safety valve" of U.S.S.G. § 2D1.1(b)(6) (2002) because he satisfies the criteria of § 5C1.2(a).

> There is some dispute between the parties as to whether Rosario used a gun or whether he would be responsible for the use of weapons by his co-conspirators, and Rosario argues that he is properly in criminal history category I given that his only previous criminal offense involved unauthorized use of a motor vehicle, a juvenile offense resulting in six months' probation.  The district court made no findings with respect to his use of a firearm, and it assumed that Rosario was in criminal history category II before downwardly departing to criminal history category I pursuant to § 4A1.3.  Eligibility for the safety valve, however, depends on these findings.  *We therefore remand to the district court with instructions to make factual findings and to consider the legal arguments raised by Rosario in the first instance.*

*DeJesus*, 2005 WL 3263788, at *4, emphasis added.

The district court afforded the defendant consideration at the time of sentencing and imposed a sentence which varied substantially from the Guidelines imprisonment range urged by the government.  In the government's view, therefore, the district court has already imposed a sentence which, while imposed under the mandatory Guidelines regime, nevertheless reflected the concerns of the sentencing court that its sentence should be carefully tailored to the defendant's particular circumstances.  Thus, the government would ordinarily argue that a *Crosby* resentencing is not necessary, and urge the Court to adhere to the sentence originally imposed.  However, the above-referenced language from the Court of Appeals suggests that it intended for the district court to hold an evidentiary hearing, make findings regarding the defendant's use of a firearm, and determine if he is elligible for favorable treatment under the "safety valve" provision of the Guidelines.  It would appear, therfore, that pursuant to the decision and order of the Second Circuit, the district court will be required to hold another hearing concerning the Guidelines calculations.  In short, even if the defendant does not request a

*Crosby* resentencing, a hearing is nevertheless required pursuant to the dictates of the Court of Appeals.[1]

The undersigned are available at the convenience of the court for further proceedings consistent with the order of remand. The government requsts an opportunity to call cooperating witnesses regarding the defendant's constructive and actual possession of firearms in connection with the offense of conviction and his role in the offense. The undersigned require notice of approximately 2 to 3 weeks to secure the defendant's appearance as required.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345
915 LAFAYETTE BLVD. ROOM 309
BRIDGEPORT, CT 06604
(203) 696-3000
Fed. Bar Number: CT08345


ALINA P. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

---

[1] The government anticipates that the defendant will be requesting a *Crosby* resentencing from the district court inasmuch as appellate counsel requested a *Crosby* remand from the Court of Appeals at oral argument.

CERTIFICATE OF SERVICE
_____

        This is to certify that on December 14, 2005, a copy of the foregoing was mailed, postage prepaid, to the following:

Robert J. Sullivan, Jr., Esq.
190 Main Street
Westport, CT 06880

                                        Alex Hernandez