FILED

2006 MAY -1 A 11: 34

U.S. DISTRICT COURT
[REPORT?], CO

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------- :
                                               :
UNITED STATES OF AMERICA                       : No. 3:00 CR 227 (SRU)
                                               :
v.                                             :
                                               :
RICARDO ROSARIO                                : April 28, 2006
                                               :
---------------------------------------------- :

### DEFENDANT RICARDO ROSARIO'S
### BRIEF ADDRESSING APPELLATE REMAND

On September 27, 2002, Defendant Ricardo Rosario was sentenced by this honorable court in connection with his involvement with the Estrada drug organization. On November 29, 2005 the United States Court of Appeals for the Second Circuit returned the case to this court for further consideration. United States v. DeJesus, 2005 WL 3263788 (2d Cir. 2005).

The Second Circuit opinion sets forth two bases for the re-evaluation of Defendant Rosario's sentence. One is his request for the Safety Valve in accordance with U.S.S.G. § 5C1.2, which would have provided him with a Sentencing Guideline reduction of an additional two points. The other is the remand in accordance with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) which provides for the court to re-evaluate the defendant's sentence in recognition of the Sentencing Guidelines as advisory, not mandatory.

Defendant Rosario respectfully submits that his unique circumstances make him a person for whom this court may reasonably consider a non-guidelines sentence significantly below the guideline sentence originally imposed.

At the same time, since <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and <u>Crosby</u> require sentencing courts to consider the Sentencing Guidelines before imposing a non-guidelines sentence, Defendant Rosario will first present his arguments in support of his request for the Safety Valve.

## I. DEFENDANT ROSARIO IS ENTITLED TO THE BENEFIT OF THE SAFETY VALVE.

U.S.S.G. § 5C1.2 provides for a two-point reduction of a defendant's offense level. It also permits the court to reduce an individual's sentence below any designated mandatory minimum.

The defendant must satisfy the five criteria set forth in U.S.S.G. § 5C1.2(a). Defendant Rosario respectfully submits that elements (3) through (5) are either resolved or undisputed, as the offense did not result in death or serious bodily injury to any person (element (3)); this court found that the defendant was not an organizer, leader, manager or supervisor (Sentencing Transcript [ST] 41-47) (element (4)); and, not later than the time of the sentencing, the defendant provided all information and evidence he had concerning the offense by providing his written proffer and personal written statement dated September 26, 2002, which this court observed to be " largely credible and accurate" (ST 56) (element (5)).

The factors which require examination, therefore, and the findings which this court must make, relate to elements (1) and (2), to wit: whether Mr. Rosario belongs in Criminal History Category I, and whether the presence at bagging sessions of weapons belonging to participants other than Mr. Rosario should be attributable to him.

### A. **Defendant Rosario Has No More than One Criminal History Point**.

In his original sentencing memorandum, Defendant Rosario requested that the court enter a factual finding that he was properly in Category I. While Defendant Rosario

LAW OFFICES OF ROBERT SULLIVAN 190 Main Street Westport, CT 06880 Tel. 203/227-1404 Juris No. 405837 Federal Bar No.CT08969

was grateful for the court's downward departure from Category II to I, he respectfully pointed out to the court that a departure, rather than a finding, would render him ineligible for the Safety Valve (ST 58). It is that finding which Defendant Rosario, respectfully, requests.

At pages 20, et seq of his original Sentencing Memorandum dated September 26, 2002, Defendant Rosario set forth his bases for the court to set Category I as the proper Criminal History. Defendant Rosario incorporates those arguments herein and respectfully requests that the court, upon consideration of said arguments, determine Defendant Rosario's Criminal History to be Category I.

**B.    Defendant Rosario Did Not Possess a Dangerous Weapon.**

   1.   The Presence at Bagging Sessions of the Weapons of Others Does Not Render Defendant Rosario Ineligible for the Safety Valve.

In United States v. Zavalza-Rodriguez, 379 F.3d 1182 (10th Cir. 2004) the District Court granted the defendant's request for safety valve treatment, notwithstanding its having imposed the weapon enhancement provided for by U.S.S.G § 2D1.1(b)(1). The government appealed, pressing an argument which the district court had rejected: that the weapon enhancement necessarily rendered the defendant ineligible for the Safety Valve.

In a thoughtful, careful analysis of the relevant provisions, the Tenth Circuit Court of Appeals rejected the government's claim, concluding that the enhancement did not preclude the Safety Valve.

The court's comparison of the language of the two provisions and the different burdens attending them demonstrates that while the U.S.S.G § 2D1.1(b)(1) enhancement may, from a conspiratorial perspective, attribute the acts of others to the subject defendant, the Safety Valve is more directly focused on the behavior of the particular

-3-

defendant being sentenced. (At page 1186 the court notes the agreement of the 5th, 11th and D.C. Circuits)

In the case before this court, there is no credible evidence that Defendant Rosario personally used or possessed weapons either in connection with the offense or otherwise. The only credible testimony purporting even to spatially connect weapons with Mr. Rosario relates to the fact that certain Estrada members who carried weapons disarmed upon arrival at the bagging sessions, placing their weapons on the floor in the corner of the room (please see pages 10-11 of Defendant Rosario's Sentencing Memorandum dated September 26, 2002 for comprehensive analysis of the testimony relating to firearms, with specific citations to the record).

In Mr. Rosario's original sentencing this court found, with respect to the U.S.S.G § 2D1.1(b)(1) enhancement, that Defendant Rosario could reasonably foresee that others may bring weapons to the bagging sessions (ST 55). It also observed, however, (without deciding the issue) that the enhancement did not necessarily render Defendant Rosario ineligible for the Safety Valve (ST 58). These findings and observations are fully consistent with the conclusions forth in <u>Zavalza-Rodriguez</u>, supra.

Defendant Rosario respectfully urges the court to find, therefore, that he has satisfied element (2) and that he is, therefore, eligible for the Safety Valve.

## II.  DEFENDANT ROSARIO SHOULD BE CONSIDERED FOR A NON-GUIDELINES SENTENCE.

The Federal Sentencing Guidelines were presumed to be mandatary when Defendant Rosario was originally sentenced. In short, the court was not empowered to impose a non-guidelines sentence.

-4-

Since that time, the United States Supreme Court in Booker and the Second Circuit in Crosby have made clear that this court is now empowered to issue a non-guidelines sentence.

Defendant Rosario's original sentence materials (which he respectfully urges the court to review in their entirety) make clear that he fully acknowledged his own responsibility for the choices which acquainted him with narcotics. The record, however, is unchallenged as to Frank Estrada's stunning talent and performance when it came to corrupting others for his own purpose. The evidence was undisputed that he corrupted police officers and corrections officers, people who one would expect to be better suited to resisting temptation than a vulnerable youth trying to survive in P.T. Barnum. Defendant Rosario was well on his way to overcoming the seemingly insurmountable challenges of growing up in the inner-city projects when Frank Estrada targeted him for a special, elevated, and particularly corrupt place in his organization.

Defendant Rosario is unique among those who might otherwise find themselves facing a 20-year sentence based almost exclusively on the quantity of drugs with which they were involved. His history of having lived a stand out, productive life is manifest. He is someone who readily helped others as is demonstrated by his having co-captained his basketball team. He was lured into the activity by an older, sophisticated individual who was practiced at this form of seduction. He was lied to by Mr. Estrada who, while purporting to cheer him in the right direction, was actually implementing an unbelievable corruption of a young life.

Defendant Rosario did not select the quantity of drugs which he handled. He was contacted shortly in advance of the bagging sessions and brought there by others. There is no indication in the record of any link between the amount bagged and his

remuneration. Indeed, when it was inconvenient for Mr. Estrada to pay in cash he would hand Defendant Rosario a G-Pack. As his personal statement demonstrated he went unpaid on many occasions as a result of that practice

That Mr. Rosario is a person of substance who, likely, would put his skills and education to good use is evidenced by several factors already before the court. When he discovered he would be a father, he turned away athletic and scholastic opportunities that would take him away from home. In addition, during trial, the murderous William Rodriguez acknowledged that Defendant Rosario defended his sister when Rodriguez, armed, came banging on the Rosario door.

In short, one can say with a high degree of confidence that Defendant Rosario is in that class of individuals who, while finding themselves in this type of trouble, are the least likely to appear again before this court.

Defendant Rosario respectfully submits that a sentence of ten years or below, in this case, in particular, would satisfy all appropriate considerations to be contemplated by the court in fashioning an appropriate sentence.

Respectfully submitted,
DEFENDANT RICARDO ROSARIO

By _____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, Connecticut 06880
Tel. No. 203/227-1404
Federal Bar No. CT08969

-6-

## CERTIFICATION

This is to certify that a copy hereof was mailed on April 28, 2006 to the following:

Alex V. Hernandez, AUSA
U.S. Attorney's Office
915 Lafayette Blvd.
Bridgeport, CT 06604

_____
Robert J. Sullivan, Jr.

LAW OFFICES OF ROBERT SULLIVAN 190 Main Street Westport, CT 06880 Tel. 203/227-1404 Juris No. 405837 Federal Bar No.CT08969