UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR227(SRU) |
| | : | |
| RICARDO ROSARIO, a.k.a. "Q" | : | May 4, 2006 |

**GOVERNMENT'S SUPPLEMENTAL POST-*BOOKER* MEMORANDUM**

On November 29, 2005, the Court of Appeals for the Second Circuit entered a decision and order affirming the conviction of defendant Rosario. *United States v. Estrada*, 430 F.3d 606 (2d Cir. 2005). The Court also granted a limited remand for resentencing in conformity with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), *United States v. DeJesus*, 2005 WL 3263788, 160 Fed.Appx. 15(2d Cir. 2005).

On December 6, 2005, this Court entered a scheduling order in response to the limited remand directing counsel to file, on or before January 6, 2006, "written submissions concerning whether [the court] should have imposed a non-trivially different sentence . . ." The government filed its response on or about December 14, 2005. On April 28, 2006, counsel for the defendant filed "Defendant Ricardo Rosario's Brief Addressing Appellate Remand." This memorandum is submitted to supplement the government's December 14, 2005 memorandum and in response to the defendant's recent filing.

In substance, the defendant is seeking relief under the "safety valve" provisions of the Guidelines and 18 U.S.C. § 3553. Guidelines Section 5C1.2, and 18 U.S.C. § 3553(f) provide that a defendant may receive a two-level downward adjustment to his Guidelines and be exempt from a statutory minimum term of imprisonment provided that he satisfies each of 5 criteria:

    (1)    the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

    (2)    the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (3)    the offense did not result in death or serious bodily injury to any person;

    (4)    the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

    (5)    not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, . . .

*Id*.

### I. Defendant Rosario Personally Carried Firearms During and in Relation to Narcotics Trafficking Activity and in Connection with Crimes of Violence

The defendant asserts that he never personally carried a firearm. He argues that, at most, other members of the organization brought firearms to narcotics packaging sessions where he was present. In the event the court conducts another sentencing hearing, the government intends to call witnesses who observed the defendant in sole and direct possession of nine millimeter, semi-automatic handguns and an assault rifle. At least one witness is prepared to testify that he observed the defendant fire a handgun in the direction of the Middle Court at the P.T. Barnum Housing Project.

Where, as here, the defendant personally carried and possessed firearms, he is precluded from receiving the benefit of the safety valve provision of the Guidelines and Section 3553(f).

The government will need at least two weeks advance notice of the defendant's sentencing hearing to produce its witnesses for the sentencing hearing.

### II. The Defendant Was a Lieutenant in the Organization and Should Have Received an Upward Adjustment for His Role in the Offense

At the time of sentencing the district court declined to award the defendant an upward adjustment for his role in the offense. At that time the district court found that while the defendant was identified as a lieutenant in the organization, he was unusual to an extent that he should not receive a role in the offense adjustment. In the government's view this finding was clearly erroneous. To the extent that the district court misconstrued the evidence at trial and the evidence's implications to the Guidelines, the government intends to call witnesses at the defendant's resentencing hearing who will establish unambiguously that the defendant should receive a two-level upward adjustment for his role in the offense. Significantly, a role in the offense upward adjustment also precludes the application of the safety valve provisions of Guidelines and 18 U.S.C. § 3553.

### III.     Three Continues to Exceed One

The PSR determined that the defendant has 3 criminal history points which yields a Criminal History Category of II (PSR ¶s 39, 40). Counsel for the defendant urges the district court to find that the defendant does not have more than one criminal history point in order to satisfy 18 U.S.C. § 3553(f)(1).

It is anticipated that the probation office will continue to assess 3 criminal history points at the time of sentencing. Where, as here, three continues to exceed one, the government respectfully submits that the defendant may not receive the benefit of the safety valve provisions.

### IV.     The Defendant Has Obstructed Justice

Guidelines Section 3C1.1 provides that if a defendant obstructs, impedes, or attempts to obstruct or impede the administration of justice in connection with sentencing for the offense of conviction, the Court should enhance the defendant's offense level by two (2) levels. At the time of the defendant's original sentencing, he submitted a statement in which he claimed that he never personally possessed or carried firearms. He made the legalistic claim that while firearms were present when narcotics were being packaged for distribution, he never personally carried a firearm. Where, as here, the government will belie this claim, the defendant should receive a two level upward adjustment for obstruction of justice.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ALEX V. HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345
915 LAFAYETTE BLVD. ROOM 309
BRIDGEPORT, CT 06604
(203) 696-3000
Fed. Bar Number: CT08345


ALINA P. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

_____ This is to certify that on May 4, 2006, a copy of the foregoing was mailed, postage prepaid, to the following:

Robert J. Sullivan, Jr., Esq.
190 Main Street
Westport, CT 06880

                                                Alex Hernandez