# MANDATE

06-5655-cr(L)
*United States v. Estrada (Rosario, DeJesus)*

00-cr.0227
D. Conn.
Underhill, J.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of May, two thousand and eight.

PRESENT:   HON. JON O. NEWMAN,
           HON. SONIA SOTOMAYOR,
           HON. ROBERT A. KATZMANN,
                *Circuit Judges.*



UNITED STATES OF AMERICA,

          *Appellee,*

    -v.-

RICARDO ROSARIO, FELIX DeJESUS,

    *Defendant-Appellants.*

No. 06-5655-cr (L)
   07-1931-cr(Con)

FOR DEFENDANT-APPELLANT
RICARDO ROSARIO:                 ROBERT SULLIVAN, Westport CT.

FOR DEFENDANT-APPELLANT
FELIX DeJESUS:                   DAN E. LaBELLE, Halloran & Sage LLP,
                                 Westport, CT.

ISSUED AS MANDATE: 7/1/08

FOR APPELLEE:                    James Smart, Assistant United States Attorney
                                 (Alina P. Reynolds, Sandra S. Glover, on the brief)
                                 for Kevin J. O'Connor, United States Attorney for
                                 the District of Connecticut, New Haven, CT.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED that the judgment of defendant-appellant Ricardo Rosario is AFFIRMED; the
judgment of defendant-appellant Felix DeJesus is REMANDED for further proceedings
consistent with this order.

These appeals return to us following remands pursuant to *United States v. Crosby*, 397
F.3d 103 (2d Cir. 2005). Ricardo Rosario appeals from a December 1, 2006 order of the United
States District Court for the District of Connecticut (Underhill, J.), holding that Rosario was not
entitled to safety-valve relief and that the court would not have imposed a nontrivially different
sentence from its original sentence of 240 months' imprisonment. Felix DeJesus appeals from
the district court's April 30, 2007 order holding that it would not have sentenced Felix to a
nontrivially different sentence from its original sentence of 360 months' imprisonment.

We find no error in the district court's determination that Rosario is ineligible for safety-
valve relief on the ground that he possessed a firearm in connection with the offense of
conviction. U.S.S.G. § 5C1.2(a)(2). The district court credited the testimony of Frank Estrada
that Rosario owned a Glock 9mm and possessed Estrada's gun. The guns, according to Estrada,
were kept in a wall in Rosario's home. Although Rosario argues that Estrada's testimony was
inherently unreliable, and was inconsistent with both Rosario's own statement and the testimony
of other witnesses who claimed not to have seen Rosario with a gun, the district court was free to
credit Estrada's testimony. *See, e.g., United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993)
(upholding sentencing finding where court had to choose between conflicting testimony, and
explaining that "factual findings based on the testimony of witnesses [are] entitled to special
deference," because "assessing the credibility of witnesses is distinctly the province of the district
court"). Moreover, the court's inference that the guns were possessed in furtherance of the
commission of the crime at issue is reasonable given that drugs were packaged in Rosario's home
where the guns were stored. *Cf. United States v. Herrera*, 446 F.3d 283, 287-88 (2d Cir. 2006)
(constructive possession of firearms at stash houses where the defendant exercised dominion and
control over firearms at those locations sufficient to deny safety-valve relief); *United States v.
Vegas*, 27 F.3d 773, 778 (1994) (noting that "drug dealers commonly keep firearms on their
premises as tools of the trade") (internal quotation marks omitted). We also find no procedural or
substantive unreasonableness in the sentence imposed, which fell near the bottom of the
applicable Guideline range. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)
("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the
broad range of sentences that would be reasonable in the particular circumstances.") *cert. denied*,
--- U.S. ----, 127 S. Ct. 192 (2006). Accordingly, we affirm Rosario's judgment.

With respect to DeJesus we find, contrary to the government's position at oral argument, that a remand is warranted pursuant to *United States v. Regalado*, 518 F.3d 143. In *Regalado*, we remanded to allow the district court to determine "whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the [crack] Guidelines to serve [the objectives of sentencing under 18 U.S.C. § 3553(a)]." *Id.* at 149. This case is factually distinguishable from *Regalado* insofar as DeJesus was sentenced based on combined quantities of crack *and* heroin. Nevertheless, as in *Regalado*, we cannot say whether the district court would have imposed a non-Guidelines sentence had it been fully aware of its discretion to deviate from the 100-to-1 crack-cocaine ratio in determining DeJesus' appropriate sentence.

On remand, we also invite the district court to consider DeJesus' claim that it was inappropriate to sentence him to 20 months more imprisonment than his brother, Charles, given that Charles had a higher adjusted offense level, a higher criminal history category, and an equal or greater role in the drug conspiracy at issue.[1] *Cf. United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007) (explaining that consideration of similarities and differences among co-defendants when imposing a sentence may be appropriate under 18 U.S.C. § 3553(a)(1), which requires consideration of the "nature and circumstances of the offense").

For the foregoing reasons, the judgment of Ricardo Rosario is AFFIRMED; the judgment of Felix DeJesus is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

---

[1] The government attempts to explain the difference in sentences by noting that the evidence against the brothers "was not identical and included evidence about criminal transactions involving Felix, but not Charles, DeJesus." The government relies on two encounters that Felix had with law enforcement. First, in 1997, detectives seized a semi-automatic handgun and heroin from Felix's apartment. Second, in 1998, Felix was apprehended along with Estrada by an agent in Miami, and, as a result of this encounter, the DEA recovered $14,000 in cash. It is not clear from the record whether the district court considered these differences in evidence, or any others, in sentencing Felix. And we leave it to the district court to decide on remand whether these or any other differences in evidence may justify the disparate sentences received by the DeJesus brothers. It seems to us, however, that the differences cited by the government are largely academic. While law enforcement officers seized a gun from Felix, the government presented evidence at trial that Charles possessed a gun, and, on that basis, the district court imposed a firearm enhancement against Charles. Moreover, while the government seized cash from Felix, the evidence at trial demonstrated that both Felix and Charles handled large sums of money on a regular basis as part of their leadership roles.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
DEPUTY CLERK